IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                                         15-CR-179-FPG

DONALD GARDNER,

                              Defendant.

---

**AFFIDAVIT IN OPPOSITION TO DEFENDANT'S
MOTION FOR EXAMINATION UNDER 18 U.S.C. § 4242**

STATE OF NEW YORK   )
COUNTY OF ERIE        )   SS:
CITY OF BUFFLAO     )

      **MARY C. BAUMGARTEN**, being duly sworn, deposes and states:

      1.      I am an Assistant United States Attorney for the Western District of New York, and am assigned to this case, which involves a pending Indictment charging defendant DONALD GARDNER with three (3) counts of production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e), one (1) count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1), and one (1) count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2).  *See* Docket Item 1.  The defense filed a motion for an examination of the defendant under 18 U.S.C. § 4241 to determine the defendant's competency, which the government does not oppose.  However, the defense also requests an examination under 18 U.S.C. § 4242 to determine whether the defendant was insane at the time of the offense.  *See* Docket Item 40.  Your

undersigned makes this affidavit in opposition to that aspect of the motion seeking an examination under 18 U.S.C. § 4242 (Determination of the existence of insanity at the time of the offense).

2. By way of background, in summary, it is the position of the government that the evidence developed during the investigation establishes that defendant GARDNER created a false Facebook page and assumed the identity of a young boy in the range of 10 to 12 years old (whose picture the defendant found on the internet), to communicate with young girls to obtain images constituting child pornography.  The defendant, using the assumed identity of the young boy, succeeded in his goal, and convinced a young girl to produce images constituting child pornography, which the victim sent to him via Facebook.  Only after one of the intended victims confronted the defendant in the communications and wrote that she thought it was much older than the boy shown in the Facebook picture, the defendant disabled the Facebook account.  A federal search warrant was obtained for the defendant's residence, and during the execution of that search warrant, he admitted this conduct in a non-custodial interview conducted at his home.

3. The government does not oppose the request for a competency examination. As discussed previously, the issue of competency arose during pretrial negotiations, and the defense preferred to arrange for a non-custodial competency examination with an expert of their choice, who was Ana Natasha Cervantes, M.D., Diplomate A.B.P.N., Board Certified in Forensic Psychiatry.  Dr. Cervantes conducted an examination of the defendant and rendered a report, which was provided by the defense and filed previously for the Court's

consideration concerning the matter of the defendant's violation of his conditions of pretrial supervision. Dr. Cervantes determined that the defendant was competent to proceed. As was discussed during the violation proceedings, there is a divergence in the evidence developed during the case concerning the nature and extent of the defendant's cognitive abilities and the impact of any cognitive limitations may have upon the defendant. That difference of opinion is demonstrated, for example, in the reports of Dr. Cervantes and Michael Rutter, PhD.

4.      However, there is no evidence even suggesting that the defendant suffers from a psychiatric condition that warrants an insanity examination. Before granting a motion seeking an examination as to the sanity of a defendant at the time of the offense, Title 18, United States Code, Section 4242(a) requires the defense "file a notice, as provided in Rule 12.2 of the Federal Rules of Criminal Procedure that the defendant intends to rely on the defense of insanity. . . ." Here, no such notice was filed. Moreover, there is no evidence that the defendant suffers from an psychiatric or psychological condition that warrants such an examination. While the defendant has some cognitive limitations, the extent of those limitations and how they impact the defendant is at issue. Not even the reports submitted by the defense during the violation proceedings suggest any evidence of insanity at any time, let alone at the time of the offense.

5.      Importantly, the government is not aware that that defendant takes any psychiatric medications or receives any psychiatric and/or mental health treatment, other than the counselor he has seen while on pretrial supervision as part of the conditions of

release. The government is not aware of any mental health treatment or preexisting mental health conditions existing before he was arrested for the instant offense. The limited information that has been made available to the government suggests to the contrary. Accordingly, the defendant has failed to meet his burden to show that an examination of the defendant to determine the existence of insanity at the time of the offense under 18 U.S.C. § 4242 should be conducted.

6. Based on the foregoing, the Court should order an examination of the defendant to determine his mental competency to stand trial under 18 U.S.C. § 4241(a), and deny the motion to determine the existence of insanity at the time of the offense under 18 U.S.C. § 4242(a). The government will submit a proposed order the Court.

> s/ MARY C. BAUMGARTEN
> Assistant United States Attorney
> United States Attorney's Office
> Western District of New York
> 138 Delaware Avenue
> Buffalo, New York 14202
> 716-843-5864
> Mary.Catherine.Baumgarten@usdoj.gov

Subscribed and sworn to before me

this 14th day of March, 2017.

s/ JENNIFER L. ATKINS
COMMISSIONER OF DEEDS
In and for the City of Buffalo, New York.
My Commission Expires Dec. 31, 2018.