IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                                  15-CR-179-G

DONALD GARDNER, JR.,

          Defendant.

---

## PLEA AGREEMENT

The defendant, DONALD GARDNER, JR., and the United States Attorney for the Western District of New York (hereinafter "the government"), hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a one count Superseding Information which charges a violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2) (possession of child pornography), for which the maximum possible sentence is a term of imprisonment of ten (10) years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of at least five (5) years and up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the compensable losses of the victims as determined by the Court. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

3. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to two (2) years, without credit for time previously served on supervised release, and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than one (1) year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than five (5) years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

4. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and

addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

5.  The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

## II.     ELEMENTS AND FACTUAL BASIS

6.  The defendant understands the nature of the offense set forth in Paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a.   the defendant knowingly possessed any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8);

   b.   that the child pornography had been shipped or transported using any means and facility of interstate and foreign commerce; or shipped or

3

        transported in or affecting interstate or foreign commerce, by any means including by computer; or that such child pornography had been produced using materials that had been shipped or transported in interstate or foreign commerce by any means, including computer; and

c.     that at the time of that possession, the defendant knew that the material constituted child pornography.

## FACTUAL BASIS

7.     The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty, including relevant conduct:

a.     Between on or about February 2, 2014, and on or about May 7, 2014, in the Western District of New York, the defendant DONALD GARDNER, JR., did knowingly possess material via his Facebook account "Donnie.Gardner.965" that contained images of child pornography.

b.     During that period of time, Gardner used his Facebook account "Donnie.Gardner.965" to communicate with a minor victim, who was in the Western District of New York. The minor victim told Gardner that she was ten (10) years old. Gardner persuaded the minor victim to take sexually explicit pictures of herself. Based on the defendant's request the minor victim took various sexually explicit photographs of herself, including images of her naked body, breasts, vagina, anus and buttocks, all which images constitute child pornography. At Gardner's direction, the minor victim sent the child pornography images to Gardner over the internet to his Facebook account, thereby affecting interstate or foreign commerce.

c.     Gardner knew that he was requesting sexually explicit pictures from a child who had not yet reached the age of 18, and therefore knew the images he possessed constituted child pornography.

## III.    SENTENCING GUIDELINES

8.     The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

9. Pursuant to Sentencing Guidelines § 1B1.2(a), the government and the defendant agree that the defendant's sentencing range for imprisonment and a fine shall be determined as if the defendant was convicted of a violation of Title 18, United States Code, Section 2251(a).

## BASE OFFENSE LEVEL

10. The government and the defendant agree that Guidelines § 2G2.1(a) applies to the offense of conviction and provides for a base offense level of 32.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

11. The government and the defendant agree that the following specific offense characteristics do apply:

   a. the 4-level increase pursuant to Guidelines § 2G2.1(b)(1)(A) [the offense involved a minor who had not attained the age of 12 years]; and

   b. the 2-level increase pursuant to Guidelines § 2G2.1(b)(6)(B)(i) [the offense involved the use of a computer to persuade, induce, and solicit participation by a minor to engage in sexually explicit conduct].

## ADJUSTED OFFENSE LEVEL

12. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 38.

## ACCEPTANCE OF RESPONSIBILITY

13. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 35.

## CRIMINAL HISTORY CATEGORY

14. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action, the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

15. It is the understanding of the government and the defendant that, with a total offense level of 35 and criminal history category of I, and considering the statutory maximum sentence, the defendant's sentencing range would be a term of imprisonment of 120 months, a fine of $20,000 to $200,000, and a period of supervised release of 5 years and up to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

16. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

17. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.   STATUTE OF LIMITATIONS

18. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the production, coercion, enticement, distribution, receipt and possession of child pornography which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

19. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

20. At sentencing, the government will move to dismiss the Indictment in this action.

21. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

8

## VI.   APPEAL RIGHTS

22.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 15, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

23.   The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future, the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

24.   The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 15, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.   TOTAL AGREEMENT AND AFFIRMATIONS

25.   This plea agreement represents the total agreement between the defendant, DONALD GARDNER, JR., and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY:  _____
MARY C. BAUMGARTEN
Assistant United States Attorney

Dated: February 15, 2018

I have read this agreement, which consists of ten (10) pages. I have had a full opportunity to discuss this agreement with my attorney, FRANK R. PASSAFIUME, AFPD. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
DONALD GARDNER, JR.
Defendant

Dated: February 15, 2018

_____
FRANK R. PASSAFIUME, AFPD
Attorney for the Defendant

Dated: February 15, 2018