CLOSED,CASREF

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Buffalo)
## CRIMINAL DOCKET FOR CASE #: <u>1:15–cr–00179–FPG–HKS</u>–1

Case title: USA v. Gardner

Date Filed: 09/24/2015
Date Terminated: 08/10/2018

Assigned to: Hon. Frank P. Geraci, Jr.
Referred to: Hon. H. Kenneth Schroeder, Jr

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **Donald Gardner, Jr.**<br>*TERMINATED: 08/10/2018* | represented by | **Frank Richard Passafiume**<br>Federal Public Defender<br>300 Pearl Street<br>Suite 200<br>Buffalo, NY 14202<br>716–551–3341<br>Fax: 716–551–3346<br>Email: <u>frank.passafiume@fd.org</u><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender Appointment* |

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| 18:2252A.F and 18:2252(A)(b)(2) ACTIVITIES RELATING TO MATERIAL CONTAINING CHILD PORNOGRAPHY (1s) | Defendant is sentenced on Count 1 of the Superseding Information to 24 months to the Bureau of Prisons with a period of 5 years supervised release. While on supervised release defendant shall comply with the conditions of home detention with EMS and GPS monitoring for a period of 6 months. The Court imposes several conditions of release including to enroll and attend mental health intervention for sex offenders. Defendant shall have no contact with children under the age of 18, excluding biological or adopted children, that he register under the sex offender registry wherever he may reside, work, or attend school, that defendant submit to polygraph testing to the extent that testing is required by treatment and to submit to periodic polygraph testing; submission to DNA sample and submission to search condition. The Court orders that Probation can monitor any of defendant's computer devices; Court orders no restitution. Due to defendant's indigence, Court will not impose the |

$5,000 victim assessment. Court orders a $100 special assessment fee. Court advises defendant of his rights regarding appeal. Government moves to dismiss the Indictment. Court grants dismissal. Defendant remanded.

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:2251.F and 2251(e)SEXUAL EXPLOITATION OF CHILDREN (1−3) | Dismissed |
| 18:2252A.F and 2252(b)_(1) ACTIVITIES RELATING TO MATERIAL CONTAINING CHILD PORNOGRAPHY (4) | Dismissed |
| 18:2252A.F and 2252A(b)(2) ACTIVITIES RELATING TO MATERIAL CONTAINING CHILD PORNOGRAPHY (5) | Dismissed |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

**Plaintiff**

| USA | represented by | **Douglas A. Penrose** |
| --- | --- | --- |
| | | U.S. Attorney's Office |
| | | Federal Centre |
| | | 138 Delaware Avenue |
| | | Buffalo, NY 14202 |
| | | 716−843−5868 |
| | | Fax: 716−551−3052 |
| | | Email: douglas.penrose@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Marie P. Grisanti** |
| | | U.S. Attorney's Office |

2

Federal Centre
138 Delaware Avenue
Buffalo, NY 14202
716–843–5818
Fax: 716–551–3052
Email: marie.grisanti@usdoj.gov
*TERMINATED: 10/21/2015*
*Designation: government attorney*

**Mary C. Baumgarten**
U.S. Attorney's Office
Federal Centre
138 Delaware Avenue
Buffalo, NY 14202
716–843–5864
Fax: 716–551–3250
Email: mary.catherine.baumgarten@usdoj.gov
*TERMINATED: 05/09/2018*
*Designation: Retained*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/24/2015 | 1 | | SEALED INDICTMENT as to Donald Gardner, Jr (1) count(s) 1–3, 4, 5. (DLC) (Entered: 09/25/2015) |
| 10/01/2015 | | | Case unsealed as to Donald Gardner, Jr.. (DLC) (Entered: 10/02/2015) |
| 10/01/2015 | | | TEXT ORDER OF REFERRAL Hon. H. Kenneth Schroeder, Jr, United States Magistrate Judge, is hereby designated to act in this case as follows:All pre–trial matters in this case are referred to the above–named United States Magistrate Judge, including all pre–trial matters that a Magistrate Judge may hear and determine pursuant to 28 U.S.C. Section 636(b)(1)(A), and those which a Magistrate Judge may hear and thereafter file a report and recommendation for disposition pursuant to Section 636(b)(1)(B).All procedural aspects of matters properly before the Magistrate Judge under this Order, including scheduling and the filing of briefs or other supporting material, shall be determined by the Magistrate Judge.All motions or applications shall be filed with the Clerk and made returnable before the Magistrate Judge. IT IS SO ORDERED. Signed by Hon. H. Kenneth Schroeder, Jr on 10/1/2015. (DLC) (Entered: 10/05/2015) |
| 10/01/2015 | 3 | | SCHEDULING ORDER as to Donald Gardner, Jr.: Discovery completed by 11/13/2015; Motions due by 12/18/2015; Responses due by 1/22/2016; Oral Argument set for 2/3/2016 at 10:00 AM before the Hon. H. Kenneth Schroeder Jr. Signed by Hon. H. Kenneth Schroeder, Jr. on 10/1/15.(LMG) (Entered: 10/05/2015) |
| 10/01/2015 | 4 | | CJA 23 Financial Affidavit by Donald Gardner, Jr. (LMG) (Entered: 10/05/2015) |
| 10/02/2015 | 2 | | ARREST Warrant Returned. Executed on 10/1/2015 in case as to Donald Gardner, Jr. (CMD) (Entered: 10/02/2015) |
| 10/05/2015 | | | |

| | | | |
|---|---|---|---|
| | | | Minute Entry for proceedings held before Hon. H. Kenneth Schroeder, Jr: Arraignment as to Donald Gardner Jr. (1) Count 1–3,4,5 held on 10/1/2015.<br><br>Defendant waived reading of Indictment and entered plea of not guilty to charges contained therein.<br><br>Court advised defendant of his rights, including the right to counsel. Defendant requested assigned counsel. Defendant sworn, questioned and found eligible. AFPD Frank Passafiume assigned.<br><br>Government moved for detention. AFPD Frank Passafiume moved for defendant's release. Court denied government's motion, ordered defendant released and imposed terms and conditions of his release. Defendant to be placed on electronic monitoring with curfew. Defendant remanded to the custody of the U.S. Marshals Service until USPO in the Northern District of New York has approved defendant's residence for electronic monitoring.<br><br>Dates established for the issuance of a Scheduling Order. Time excluded as to Donald Gardner, Jr. from 10/1/2015 to 12/18/2015 for purposes of the STA pursuant to Title 18 USC 3161(h)(7)(A) and (h)(7)(B)(iv).<br><br>Appearances by AUSA Marie Grisanti; AFPD Frank Passafiume with defendant; USPO Jaclyn Sainsbury. (Court Reporter FTR Gold.)(LMG) (Entered: 10/05/2015) |
| 10/14/2015 | 5 | | ORDER Setting Conditions of Release. Signed by Hon. H. Kenneth Schroeder, Jr. on 10/1/15.(LMG) (Entered: 10/14/2015) |
| 10/20/2015 | 6 | | NOTICE OF ATTORNEY APPEARANCE Mary C. Baumgarten appearing for USA. *[Removing AUSA Marie P. Grisanti]* (Baumgarten, Mary) (Entered: 10/20/2015) |
| 10/21/2015 | | | Attorney update in case as to Donald Gardner, Jr. Attorney Marie P. Grisanti terminated. (DLC) (Entered: 10/21/2015) |
| 12/14/2015 | 7 | | CONSENT TO MODIFY CONDITIONS OF RELEASE as to Donald Gardner, Jr. Signed by Hon. H. Kenneth Schroeder, Jr. on 12/14/15.(LMG) (Entered: 12/14/2015) |
| 12/17/2015 | 8 | | First MOTION for Extension of Time to File *Pretrial Motions* by Donald Gardner, Jr. (Passafiume, Frank) (Entered: 12/17/2015) |
| 12/18/2015 | 9 | | TEXT ORDER granting 8 Motion for Extension of Time to File Pretrial Motions as to Donald Gardner Jr. (1). Amended Scheduling Order to be issued. SO ORDERED. Issued by the Hon. H. Kenneth Schroeder, Jr. on 12/18/15.(LMG) (Entered: 12/18/2015) |
| 12/18/2015 | 10 | | AMENDED SCHEDULING ORDER as to Donald Gardner, Jr.: Motions due by 2/19/2016; Responses due by 3/18/2016; Oral Argument set for 3/30/2016 at 10:00 AM before the Hon. H. Kenneth Schroeder Jr. Time excluded from 12/18/2015 until 2/19/2016 for purposes of the Speedy Trial Act pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). Signed by Hon. H. Kenneth Schroeder, Jr. on 12/18/15.(LMG) (Entered: 12/18/2015) |
| 02/18/2016 | 11 | | |

| | | | |
|---|---|---|---|
| | | | Second MOTION for Extension of Time to File *Pretrial Motions* by Donald Gardner, Jr. (Passafiume, Frank) (Entered: 02/18/2016) |
| 02/19/2016 | 12 | | TEXT ORDER granting 11 Motion for Extension of Time to File Pretrial Motions as to Donald Gardner Jr. (1). Amended Scheduling Order to be issued. SO ORDERED. Issued by the Hon. H. Kenneth Schroeder, Jr. on 2/19/2016.(LMG) (Entered: 02/19/2016) |
| 02/19/2016 | 13 | | AMENDED SCHEDULING ORDER as to Donald Gardner, Jr.: Motions due by 4/22/2016; Responses due by 5/6/2016; Oral Argument set for 5/11/2016 at 10:00 AM before the Hon. H. Kenneth Schroeder Jr. Time excluded from 2/19/2016 until 4/22/2016 for purposes of the Speedy Trial Act pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). Signed by Hon. H. Kenneth Schroeder, Jr. on 2/19/2016.(LMG) (Entered: 02/19/2016) |
| 04/21/2016 | 14 | | Third MOTION for Extension of Time to File *Pretrial Motions* by Donald Gardner, Jr. (Passafiume, Frank) (Entered: 04/21/2016) |
| 04/22/2016 | 15 | | TEXT ORDER granting 14 Motion for Extension of Time to File Pretrial Motions as to Donald Gardner Jr. (1). Amended Scheduling Order to be issued. SO ORDERED. Issued by the Hon. H. Kenneth Schroeder, Jr. on 4/22/2016.(LMG) (Entered: 04/22/2016) |
| 04/22/2016 | 16 | | AMENDED SCHEDULING ORDER as to Donald Gardner, Jr.: Motions due by 6/24/2016; Responses due by 7/8/2016; Oral Argument set for 7/14/2016 at 10:30 AM before the Hon. H. Kenneth Schroeder Jr. Time excluded from 4/22/2016 until 6/24/2016 for purposes of the Speedy Trial Act pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). Signed by Hon. H. Kenneth Schroeder, Jr. on 4/22/2016.(LMG) (Entered: 04/22/2016) |
| 06/24/2016 | 17 | | Fourth MOTION for Extension of Time to File *Pretrial Motions* by Donald Gardner, Jr. (Passafiume, Frank) (Entered: 06/24/2016) |
| 06/24/2016 | 18 | | TEXT ORDER granting 17 Motion for Extension of Time to File Pretrial Motions as to Donald Gardner Jr. (1). Amended Scheduling Order to be issued. SO ORDERED. Issued by the Hon. H. Kenneth Schroeder, Jr. on 6/24/16.(LMG) (Entered: 06/24/2016) |
| 06/24/2016 | 19 | | AMENDED SCHEDULING ORDER as to Donald Gardner, Jr.: Motions due by 8/26/2016; Responses due by 9/9/2016; Oral Argument set for 9/21/2016 at 11:00 AM before the Hon. H. Kenneth Schroeder Jr. Time excluded from 6/24/2016 until 8/26/2016 for purposes of the Speedy Trial Act pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). Signed by Hon. H. Kenneth Schroeder, Jr. on 6/24/2016.(LMG) (Entered: 06/24/2016) |
| 08/25/2016 | 20 | | Fifth MOTION for Extension of Time to File *Pretrial Motions* by Donald Gardner, Jr. (Passafiume, Frank) (Entered: 08/25/2016) |
| 08/25/2016 | 21 | | TEXT ORDER granting 20 Motion for Extension of Time to File Pretrial Motions as to Donald Gardner Jr. (1). Amended Scheduling Order to be issued. SO ORDERED. Issued by the Hon. H. Kenneth Schroeder, Jr. on 8/25/2016.(LMG) (Entered: 08/25/2016) |
| 08/25/2016 | 22 | | AMENDED SCHEDULING ORDER as to Donald Gardner, Jr.: Motions due by 10/28/2016; Responses due by 11/11/2016.; Oral Argument set for 11/17/2016 at 10:30 AM before the Hon. H. Kenneth Schroeder Jr. Time |

| | | | |
|---|---|---|---|
| | | | excluded from 8/25/2016 until 10/28/2016 for purposes of the Speedy Trial Act pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). Signed by Hon. H. Kenneth Schroeder, Jr. on 8/25/2016.(LMG) (Entered: 08/25/2016) |
| 10/27/2016 | 23 | | Sixth MOTION for Extension of Time to File *Pretrial Motions* by Donald Gardner, Jr. (Passafiume, Frank) (Entered: 10/27/2016) |
| 10/28/2016 | 24 | | TEXT ORDER granting 23 Motion for Extension of Time to File Pretrial Motions as to Donald Gardner Jr. (1). Amended Scheduling Order to be issued. SO ORDERED. Issued by the Hon. H. Kenneth Schroeder Jr. on 10/28/2016.(LMG) (Entered: 10/28/2016) |
| 10/28/2016 | 25 | | AMENDED SCHEDULING ORDER as to Donald Gardner, Jr.: Motions due by 12/30/2016; Responses due by 1/13/2017.; Oral Argument set for 1/18/2017 at 10:00 AM before the Hon. H. Kenneth Schroeder Jr. Time excluded from 10/28/2016 until 12/30/2016 for purposes of the Speedy Trial Act pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). Signed by Hon. H. Kenneth Schroeder Jr. on 10/28/2016.(LMG) (Entered: 10/28/2016) |
| 12/30/2016 | 26 | | MOTION for Extension of Time to File *Pretrial Motions* by Donald Gardner, Jr. (Passafiume, Frank) (Entered: 12/30/2016) |
| 01/03/2017 | 27 | | TEXT ORDER granting 26 Motion for Extension of Time to File Pretrial Motions as to Donald Gardner Jr. (1). Amended Scheduling Order to be issued. SO ORDERED. Issued by the Hon. H. Kenneth Schroeder Jr. on 1/3/17.(LMG) (Entered: 01/03/2017) |
| 01/03/2017 | 28 | | AMENDED SCHEDULING ORDER as to Donald Gardner, Jr.: Motions due by 2/3/2017; Responses due by 2/17/2017; Oral Argument set for 2/22/2017 at 10:30 AM before the Hon. H. Kenneth Schroeder Jr. Time excluded from 12/30/2016 until 2/3/2017 for purposes of the Speedy Trial Act pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). Signed by Hon. H. Kenneth Schroeder Jr. on 1/3/2017.(LMG) (Entered: 01/03/2017) |
| 02/02/2017 | 29 | | Eighth MOTION for Extension of Time to File by Donald Gardner, Jr. (Passafiume, Frank) (Entered: 02/02/2017) |
| 02/02/2017 | 30 | | TEXT ORDER granting 29 Motion for Extension of Time to File Pretrial Motions as to Donald Gardner Jr. (1). Amended Scheduling Order to be issued. SO ORDERED. Issued by the Hon. H. Kenneth Schroeder Jr. on 2/2/2017.(LMG) (Entered: 02/02/2017) |
| 02/02/2017 | 31 | | AMENDED SCHEDULING ORDER as to Donald Gardner, Jr.: Motions due by 3/24/2017; Responses due by 4/7/2017; Oral Argument set for 4/19/2017 at 10:00 AM before the Hon. H. Kenneth Schroeder Jr. Time excluded from 2/2/2017 until 3/24/2017 for purposes of the Speedy Trial Act pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). Signed by Hon. H. Kenneth Schroeder Jr. on 2/2/2017.(LMG) (Entered: 02/02/2017) |
| 02/10/2017 | | | Summons Issued in case as to Donald Gardner, Jr. Docket Call set for 2/17/2017 at 10:30 AM before the Hon. H. Kenneth Schroeder Jr. (LMG) (Entered: 02/10/2017) |
| 02/10/2017 | | | Amended Summons Issued in case as to Donald Gardner, Jr. Docket Call set for 2/21/2017 at 10:30 AM before the Hon. H. Kenneth Schroeder Jr. (LMG) (Entered: 02/10/2017) |

| 02/21/2017 | | | Minute Entry for proceedings held before Hon. H. Kenneth Schroeder Jr.: Initial Appearance re Violation of Bail as to Donald Gardner, Jr. held on 2/21/2017.<br><br>Government expressed concerns about defendant's behavior. Defense counsel asked Court to admonish defendant and impose a zero tolerance condition instead of revoking defendant's bail. Court revoked defendant's bail and remanded him to the custody of the U.S. Marshals Service.<br><br>Appearances: AUSA Mary Catherine Baumgarten; AFPD Frank Passafiume with defendant; USPO Brian Mamizuka. (Court Reporter FTR Gold.)(LMG) (Entered: 02/21/2017) |
| 02/22/2017 | 33 | | MOTION for Reconsideration *of Detention Order and/or Reopen Bail Revocation Hearing* by Donald Gardner, Jr. (Passafiume, Frank) (Entered: 02/22/2017) |
| 02/22/2017 | 34 | | MOTION to Seal Document *Medical Reports* by Donald Gardner, Jr. (Passafiume, Frank) (Entered: 02/22/2017) |
| 02/23/2017 | 35 | | TEXT ORDER granting 34 Motion to Seal Document as to Donald Gardner Jr. (1). SO ORDERED. Issued by the Hon. H. Kenneth Schroeder Jr. on 2/23/17.(LMG) (Entered: 02/23/2017) |
| 02/23/2017 | 36 | | Sealed Document as to Donald Gardner, Jr.: Medical Reports. (LMG) (Entered: 02/23/2017) |
| 02/23/2017 | 37 | | TEXT ORDER as to Donald Gardner, Jr. re 33 Motion for Reconsideration of Detention Order. The government shall respond no later than 3/3/2017. Oral Argument is set for 3/8/2017 at 10:30 AM before the Hon. H. Kenneth Schroeder Jr. SO ORDERED. Issued by the Hon. H. Kenneth Schroeder Jr. on 2/23/2017.(LMG) (Entered: 02/23/2017) |
| 03/03/2017 | 38 | | AFFIDAVIT by USA as to Donald Gardner, Jr (Attachments: # 1 Exhibit A, # 2 Exhibit B (Filed Under Seal))(Baumgarten, Mary) (Attachment 1 replaced on 3/8/2017) (SG). (Entered: 03/03/2017) |
| 03/08/2017 | | | Minute Entry for proceedings held before Hon. H. Kenneth Schroeder Jr.: Oral Argument on Motion for Reconsideration of Detention Order held on 3/8/2017.<br><br>Defense counsel asked Court to file Exhibit A to government's Affidavit in response to the Motion for Reconsideration of Detention Order under seal. Court granted request and directed Clerk's Office to file Exhibit A to Government's Affidavit (Dkt. #38) under seal.<br><br>Court denied Motion for Reconsideration of Detention Order and continued defendant's remand to the custody of the U.S. Marshals Service. Defense counsel will be filing motion for competency evaluation which will stop the Speedy Trial Clock. Filing of Pretrial Motions will be held in abeyance.<br><br>Appearances: AUSA Mary Catherine Baumgarten; AFPD Frank Passafiume with defendant; USPO Brian Mamizuka. (Court Reporter FTR Gold.)(LMG) (Entered: 03/08/2017) |
| 03/08/2017 | 39 | | TEXT ORDER denying 33 Motion for Reconsideration as to Donald Gardner Jr. (1) for reasons stated on the record during Oral Argument. SO ORDERED. |

| | | | |
|---|---|---|---|
| | | | Issued by the Hon. H. Kenneth Schroeder Jr. on 3/8/2017.(LMG) (Entered: 03/08/2017) |
| 03/08/2017 | 40 | | MOTION for Psychiatric Exam by Donald Gardner, Jr. (Passafiume, Frank) (Entered: 03/08/2017) |
| 03/08/2017 | 41 | | TEXT ORDER as to Donald Gardner, Jr.: The government shall have until 3/15/2017 to respond to the 40 Motion for Psychiatric Exam filed by Donald Gardner, Jr. after which time the Court will take the motion under advisement. SO ORDERED. Issued by the Hon. H. Kenneth Schroeder Jr. on 3/8/2017.(LMG) (Entered: 03/08/2017) |
| 03/08/2017 | 42 | | Sealed Document Exhibit A to 38 Affidavit by USA (SG) (Entered: 03/08/2017) |
| 03/14/2017 | 43 | | AFFIDAVIT by USA as to Donald Gardner, Jr (Baumgarten, Mary) (Entered: 03/14/2017) |
| 03/16/2017 | 44 | | TEXT ORDER granting in part and denying in part 40 Motion for Psychiatric Exam as to Donald Gardner Jr. (1). Defense counsel's motion seeking an examination of the defendant to determine if he is competent to stand trial is granted. That portion of the motion seeking an examination of the defendant to determine if he was insane at the time of the offense is denied. Order to follow. SO ORDERED. Issued by the Hon. H. Kenneth Schroeder Jr. on 3/16/2017.(LMG) (Entered: 03/16/2017) |
| 03/16/2017 | 45 | | ORDER regarding psychiatric and/or psychological examination and evaluation of Donald Gardner and staying other proceedings in this case. Signed by Hon. H. Kenneth Schroeder Jr. on 3/16/2017.(LMG) (Entered: 03/16/2017) |
| 04/24/2017 | 46 | | Sealed Document as to Donald Gardner, Jr.: Competency to Stand Trial Evaluation. (LMG) (Entered: 04/24/2017) |
| 05/05/2017 | 47 | | TEXT ORDER as to Donald Gardner, Jr.: A Status Conference is set for 5/9/2017 at 11:00 AM before the Hon. H. Kenneth Schroeder Jr. SO ORDERED. Issued by the Hon. H. Kenneth Schroeder Jr. on 5/5/2017.(LMG) (Entered: 05/05/2017) |
| 05/09/2017 | | | Minute Entry for proceedings held before Hon. H. Kenneth Schroeder Jr.: Status Conference as to Donald Gardner, Jr. held on 5/9/2017. <br><br> Defendant has now undergone competency evaluation and has been found competent to stand trial and assist with his defense. Defense counsel requested 30 day adjournment to allow him time to review the evaluation report with his expert. Court granted request and set Status Conference for 6/12/2017 at 10:30 AM before the Hon. H. Kenneth Schroeder Jr. Time excluded as to Donald Gardner, Jr. from 5/9/2017 to 6/12/2017 for purposes of the Speedy Trial Act pursuant to Title 18 USC 3161(h)(7)(A), (h)(7)(B)(iv) and (h)(1)(D). <br><br> Appearances: AUSA Mary Catherine Baumgarten; AFPD Frank Passafiume with defendant; USPO Brian Mamizuka. (Court Reporter FTR Gold.)(LMG) (Entered: 05/09/2017) |
| 06/09/2017 | 48 | | MOTION to Adjourn the Status Conference Date by Donald Gardner, Jr. (Passafiume, Frank) (Entered: 06/09/2017) |

| 06/12/2017 | 49 | | TEXT ORDER granting 48 Motion to Adjourn Status Conference as to Donald Gardner Jr. (1). The Status Conference is hereby adjourned to 8/1/2017 at 11:00 AM before the Hon. H. Kenneth Schroeder, Jr. The time from 6/12/2017 to 8/1/2017 is excluded for purposes of the Speedy Trial Act pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A), (h)(7)(B)(iv) and (h)(1)(D). SO ORDERED. Issued by the Hon. H. Kenneth Schroeder Jr. on 6/12/2017.(LMG) (Entered: 06/12/2017) |
|---|---|---|---|
| 06/15/2017 | 50 | | Summons Returned Executed on 2/21/2017 as to Donald Gardner, Jr. (KLH) (Entered: 06/15/2017) |
| 08/01/2017 | | | Minute Entry for proceedings held before Hon. H. Kenneth Schroeder Jr.: Status Conference as to Donald Gardner, Jr. held on 8/1/2017.<br><br>Defense counsel requested additional time to evaluate competency issue. Matter adjourned to 9/15/2017 at 10:00 AM before the Hon. H. Kenneth Schroeder Jr. Time excluded as to Donald Gardner, Jr. from 8/1/2017 to 9/15/2017 for purposes of the Speedy Trial Act pursuant to Title 18 USC 3161(h)(1)(A), (h)(7)(A) and (h)(7)(B)(iv). Defendant remanded.<br><br>Appearances: AUSA Stephanie Lamarque; AFPD Frank Passafiume with defendant.(Court Reporter FTR Gold.)(LMG) (Entered: 08/01/2017) |
| 08/01/2017 | 51 | | ORDER TO CONTINUE – Ends of Justice as to Donald Gardner, Jr. Time excluded from 8/1/17 until 9/15/17. Signed by Hon. H. Kenneth Schroeder Jr. on 8/1/17.(LMG) (Entered: 08/02/2017) |
| 09/15/2017 | | | Minute Entry for proceedings held before Hon. H. Kenneth Schroeder Jr.: Status Conference as to Donald Gardner, Jr. held on 9/15/2017.<br><br>Parties advise that a plea is being worked on and requested additional time to get it approved. Further Status Conference set for 11/17/2017 at 10:00 AM before the Hon. H. Kenneth Schroeder Jr. Time excluded as to Donald Gardner, Jr. from 9/15/2017 to 11/17/2017 for purposes of the Speedy Trial Act pursuant to Title 18 USC 3161(h)(7)(A) and (h)(7)(B)(iv). Defendant remanded.<br><br>Appearances: AUSA Mary Catherine Baumgarten; AFPD Frank Passafiume with defendant. (Court Reporter FTR Gold.)(LMG) (Entered: 09/15/2017) |
| 09/15/2017 | 52 | | ORDER TO CONTINUE – Ends of Justice as to Donald Gardner, Jr. Time excluded from 9/15/17 until 11/17/17. Signed by Hon. H. Kenneth Schroeder Jr. on 9/15/17.(LMG) (Entered: 09/15/2017) |
| 11/17/2017 | | | Minute Entry for proceedings held before Hon. H. Kenneth Schroeder Jr.: Status Conference as to Donald Gardner, Jr. held on 11/17/2017.<br><br>Parties need additional time to finalize plea agreement and schedule plea hearing. Status Conference set for 12/22/2017 at 10:00 AM before the Hon. H. Kenneth Schroeder Jr. Time excluded as to Donald Gardner, Jr. from 11/17/2017 to 12/22/2017 for purposes of the Speedy Trial Act pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). Defendant remains in custody. |

| | | | |
|---|---|---|---|
| | | | Appearances: AUSA Mary Catherine Baumgarten; AFPD Frank Passafiume with defendant. (Court Reporter FTR Gold.)(LMG) (Entered: 11/17/2017) |
| 11/20/2017 | 53 | | ORDER TO CONTINUE – Ends of Justice as to Donald Gardner, Jr. Time excluded from 11/17/17 until 12/22/17. Signed by Hon. H. Kenneth Schroeder Jr. on 11/20/17.(LMG) (Entered: 11/21/2017) |
| 12/11/2017 | 54 | | TEXT ORDER as to Donald Gardner, Jr.: The Status Conference is hereby rescheduled to 12/21/2017 at 10:15 AM before the Hon. H. Kenneth Schroeder Jr. SO ORDERED. Issued by the Hon. H. Kenneth Schroeder Jr. on 12/11/2017.(LMG) (Entered: 12/11/2017) |
| 12/21/2017 | | | Minute Entry for proceedings held before Hon. H. Kenneth Schroeder Jr.: Status Conference as to Donald Gardner, Jr. held on 12/21/2017.<br><br>Counsel for government advised that a plea agreement has not been reached. Parties expect to finalize plea agreement in January. Status Conference set for 2/7/2018 at 10:00 AM before the Hon. H. Kenneth Schroeder Jr. Time excluded as to Donald Gardner, Jr. from 12/21/2017 to 2/7/2018 for purposes of the Speedy Trial Act pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). Defendant remains in custody.<br><br>Appearances: AUSA Mary Catherine Baumgarten; AFPD Frank Passafiume with defendant. (Court Reporter FTR Gold.)(LMG) (Entered: 12/21/2017) |
| 02/06/2018 | 55 | | NOTICE OF HEARING as to Donald Gardner, Jr: Plea Agreement Hearing set for 2/15/2018 11:00 AM before Hon. Frank P. Geraci, Jr., to be held in the ROCHESTER COURTHOUSE. (MJC) (Entered: 02/06/2018) |
| 02/07/2018 | | | Minute Entry for proceedings held before Hon. H. Kenneth Schroeder Jr.: Status Conference as to Donald Gardner, Jr. held on 2/7/2018.<br><br>Counsel advised that a plea agreement has been reached and a plea hearing has been scheduled before the Hon. Frank P. Geraci, Jr. on 2/15/2018.<br><br>Court set Status Conference set for 2/28/2018 at 10:00 AM. Time from 2/7/2018 to 2/28/2018 excluded for purposes of the Speedy Trial Act pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). Defendant remains in custody.<br><br>Appearances: AUSA Mary Catherine Baumgarten; AFPD Frank Passafiume with defendant. (Court Reporter FTR Gold.)(LMG) (Entered: 02/07/2018) |
| 02/08/2018 | 56 | | ORDER TO CONTINUE – Ends of Justice as to Donald Gardner, Jr. Time excluded from 2/7/18 until 2/28/18. Signed by Hon. H. Kenneth Schroeder Jr. on 2/8/18.(LMG) (Entered: 02/08/2018) |
| 02/15/2018 | 57 | | WAIVER OF INDICTMENT by Donald Gardner, Jr. (KLH) (Entered: 02/15/2018) |
| 02/15/2018 | 58 | 14 | SUPERSEDING INFORMATION as to Donald Gardner, Jr (1) count(s) 1s. (KLH) (Entered: 02/15/2018) |
| 02/15/2018 | 59 | 16 | PLEA AGREEMENT as to Donald Gardner, Jr. (KLH) (Entered: 02/15/2018) |

| 02/15/2018 | 60 | | Minute Entry for proceedings held before Hon. Frank P. Geraci, Jr.:Plea Hearing as to Donald Gardner, Jr held on 2/15/2018. Defendant waives Indictment and enters a plea of guilty to Count 1 of the Superseding Information. Defendant remains detained pending Sentencing set for 5/3/2018 11:30 AM before Hon. Frank P. Geraci, Jr., to be held in the BUFFALO COURTHOUSE. PROBATION NOTIFIED OF PLEA. Appearances: K. Baumgarten, AUSA; F. Passafiume, AFPDO counsel with defendant. (Court Reporter CM.)(MJC) (Entered: 02/21/2018) |
|---|---|---|---|
| 02/21/2018 | 61 | | TEXT ORDER as to Donald Gardner, Jr. Sentencing is set for 5/3/2018 at 11:30 AM to be held in BUFFALO COURTHOUSE. Presentence Report to Parties due by 3/29/2018 (35 days prior)., Sentencing Factors Statements/Sentencing Motions due by 4/12/2018 (21 days prior)., Objections/Responses to Sentencing Factors/Motions due by 4/19/2018 (14 days prior)., Character Letters due by 4/26/2018 (7 days prior)., Presentence Report to the Court due by 4/26/2018 (7 days prior). THE TIME FRAMES FOR SENTENCING SUBMISSIONS DATES AS STATED ABOVE SHALL APPLY TO ANY ADJOURNED SENTENCING DATES. SO ORDERED. Signed by Hon. Frank P. Geraci, Jr. on 2/21/2018.(MJC) (Entered: 02/21/2018) |
| 03/29/2018 | 62 | | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Donald Gardner, Jr. (Hartman, Justine) (Entered: 03/29/2018) |
| 03/30/2018 | 63 | | STATEMENT WITH RESPECT TO SENTENCING FACTORS by USA as to Donald Gardner, Jr (Baumgarten, Mary) (Entered: 03/30/2018) |
| 04/03/2018 | 64 | | REVISED PRESENTENCE INVESTIGATION REPORT (Sealed) as to Donald Gardner, Jr. (Hartman, Justine) (Entered: 04/03/2018) |
| 04/04/2018 | 65 | | MOTION to Adjourn the Sentencing Date for Forty–Five (45) Days by Donald Gardner, Jr. (Passafiume, Frank) (Entered: 04/04/2018) |
| 04/05/2018 | 66 | | Letter filed by USA as to Donald Gardner, Jr *Letter to Hon. Frank P. Geraci, Jr. requesting an Order modifying the sentencing submissions schedule* (Baumgarten, Mary) (Entered: 04/05/2018) |
| 04/06/2018 | | | E–Filing Notification regarding 66 Letter filed by USA. This document contains a request for relief and should be filed as a motion. ACTION REQUIRED: Re–file document using the motion event. (KLH) (Entered: 04/06/2018) |
| 04/06/2018 | 67 | | TEXT ORDER as to Donald Gardner, Jr granting parties' request for Sentencing adjournment and an extension of time to file responses/replies to Government's Sentencing Submissions. Sentencing set for 5/3/2018 at 11:30 AM has been ADJOURNED to 7/12/2018 09:30 AM before Hon. Frank P. Geraci, Jr., to be held in the BUFFALO COURTHOUSE. Time to file Objections/Responses to Sentencing Factors/Motions is extended to 6/29/2018. SO ORDERED.. Signed by Hon. Frank P. Geraci, Jr. on 4/4/2018.(MJC) (Entered: 04/06/2018) |
| 04/26/2018 | 68 | | RECOMMENDATION (Sealed) as to Donald Gardner, Jr. (Hartman, Justine) (Entered: 04/26/2018) |
| 05/08/2018 | 69 | | NOTICE OF ATTORNEY APPEARANCE Douglas A. Penrose appearing for USA. *Adding Douglas A. Penrose; Removing Mary C. Baumgarten* (Penrose, |

| | | | |
|---|---|---|---|
| | | | Douglas) (Entered: 05/08/2018) |
| 05/09/2018 | | | Attorney update in case as to Donald Gardner, Jr. Attorney Mary C. Baumgarten terminated. (KLH) (Entered: 05/09/2018) |
| 05/31/2018 | 70 | | MOTION to Adjourn the Sentencing Date by Donald Gardner, Jr. (Passafiume, Frank) (Entered: 05/31/2018) |
| 06/01/2018 | 71 | | TEXT ORDER as to Donald Gardner, Jr., granting defense counsel's 70 MOTION to Adjourn the Sentencing Date filed by Donald Gardner, Jr. Sentencing set for 7/12/2018 at 9:30 AM has been ADJOURNED to 8/9/2018 10:30 AM before Hon. Frank P. Geraci, Jr., to be held in the BUFFALO COURTHOUSE. SO ORDERED. Signed by Hon. Frank P. Geraci, Jr. on 5/31/2018.(MJC) (Entered: 06/01/2018) |
| 07/06/2018 | 72 | | STATEMENT WITH RESPECT TO SENTENCING FACTORS by Donald Gardner, Jr (Passafiume, Frank) (Entered: 07/06/2018) |
| 07/06/2018 | 73 | | MOTION to Seal *Exhibits E through J* by Donald Gardner, Jr. (Passafiume, Frank) (Entered: 07/06/2018) |
| 07/06/2018 | 74 | | SENTENCING MEMORANDUM by Donald Gardner, Jr (Attachments: # 1 Exhibit A – J)(Passafiume, Frank) (Entered: 07/06/2018) |
| 07/11/2018 | 75 | | Sealed Document as to Donald Gardner, Jr. (KLH) (Entered: 07/12/2018) |
| 07/25/2018 | 76 | | MOTION to Seal *Exhibit C to the Government's Response to the Defendant's Sentencing Memorandum* by USA as to Donald Gardner, Jr. (Penrose, Douglas) (Entered: 07/25/2018) |
| 07/25/2018 | 77 | | MEMORANDUM IN OPPOSITION re 74 Sentencing Memorandum *(Government's Response to the Defendant's Sentencing Memorandum)* by USA as to Donald Gardner, Jr (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Penrose, Douglas) (Entered: 07/25/2018) |
| 07/26/2018 | 78 | | TEXT ORDER GRANTING Motions to Seal at 73 and 76 . SO ORDERED. Signed by Hon. Frank P. Geraci, Jr. on 7/26/18. (JO) (Entered: 07/26/2018) |
| 07/26/2018 | 79 | | REVISED PRESENTENCE INVESTIGATION REPORT (Sealed) as to Donald Gardner, Jr. (Hartman, Justine) (Entered: 07/26/2018) |
| 07/27/2018 | 80 | | Sealed Document as to Donald Gardner, Jr. (KM) (Entered: 07/27/2018) |
| 08/06/2018 | 81 | | MEMORANDUM IN OPPOSITION re 77 Memorandum in Opposition, *Reply to Government's Response to the Defendant's Sentencing Memorandum* by Donald Gardner, Jr (Passafiume, Frank) (Entered: 08/06/2018) |
| 08/09/2018 | 82 | | Minute Entry for proceedings held before Hon. Frank P. Geraci, Jr.: Sentencing held on 8/9/2018 for Donald Gardner, Jr. Defendant is sentenced on Count 1 of the Superseding Information to 24 months to the Bureau of Prisons with a period of 5 years supervised release. While on supervised release defendant shall comply with the conditions of home detention with EMS and GPS monitoring for a period of 6 months. The Court imposes several conditions of release including to enroll and attend mental health intervention for sex offenders. Defendant shall have no contact with children under the age of 18, excluding biological or adopted children, that he register under the sex offender registry wherever he may reside, work, or attend school, that defendant submit |

| | | | |
|---|---|---|---|
| | | | to polygraph testing to the extent that testing is required by treatment and to submit to periodic polygraph testing; submission to DNA sample and submission to search condition. The Court orders that Probation can monitor any of defendant's computer devices; Court orders no restitution. Due to defendant's indigence, Court will not impose the $5,000 victim assessment. Court orders a $100 special assessment fee. Court advises defendant of his rights regarding appeal. Government moves to dismiss the Indictment. Court grants dismissal. Defendant remanded. Appearances: Douglas Penrose, AUSA; Frank Passafiume, AFPD with defendant; Natalie Whitman, USPO (Court Reporter Christi Macri.)(JDK) (Entered: 08/09/2018) |
| 08/10/2018 | 83 | 26 | JUDGMENT as to Donald Gardner, Jr. (1). Additional certified copies forwarded to USPO, USM, US Attorney, Debt Collection, Financial Department. Signed by Hon. Frank P. Geraci, Jr. on 8/10/2018. (KLH) (Entered: 08/10/2018) |
| 08/10/2018 | 84 | | Sealed Document (Statement of Reasons) as to Donald Gardner, Jr. (KLH) (Entered: 08/10/2018) |
| 08/28/2018 | 85 | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Donald Gardner, Jr held on August 9, 2018 before Judge Frank P. Geraci, Jr.. Court Reporter/Transcriber Christi A. Macri, Email christimacri50@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/18/2018. Redacted Transcript Deadline set for 9/28/2018. Release of Transcript Restriction set for 11/26/2018. (KLH) (Entered: 08/28/2018) |
| 02/08/2019 | 86 | 33 | Supervised Release Jurisdiction Transferred to Northern District of New York as to Donald Gardner, Jr. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (KLH) (Entered: 02/08/2019) |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

15-CR-179-G

DONALD GARDNER, JR.,

Defendant.

## SUPERSEDING INFORMATION
(Title 18, United States Code, Section 2252A(a)(5)(B))

## COUNT 1

### The United States Attorney Charges That:

Between on or about February 2, 2014, and on or about May 7, 2014, in the Western District of New York, and elsewhere, the defendant, DONALD GARDNER, JR., did knowingly possess material, that is, a Facebook account in the name of Donnie.gardner.965, that contained images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported using any means and facility of interstate and foreign commerce; that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer; and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

**All in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).**

14

DATED: Buffalo, New York, February 15, 2018.

JAMES P. KENNEDY, JR.
United States Attorney

BY: _____

MARY C. BAUMGARTEN
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5864
Mary.Catherine.Baumgarten@usdoj.gov

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
FEB 1 5 2018
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

UNITED STATES OF AMERICA,

v.                                                    15-CR-179-G

DONALD GARDNER, JR.,

        Defendant.

## PLEA AGREEMENT

The defendant, DONALD GARDNER, JR., and the United States Attorney for the Western District of New York (hereinafter "the government"), hereby enter into a plea agreement with the terms and conditions as set out below.

## I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and plead guilty to a one count Superseding Information which charges a violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2) (possession of child pornography), for which the maximum possible sentence is a term of imprisonment of ten (10) years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of at least five (5) years and up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.     The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the compensable losses of the victims as determined by the Court. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

3.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to two (2) years, without credit for time previously served on supervised release, and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than one (1) year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than five (5) years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

4.     The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and

2

17

addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

5.      The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

## II.      ELEMENTS AND FACTUAL BASIS

6.      The defendant understands the nature of the offense set forth in Paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.      the defendant knowingly possessed any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8);

b.      that the child pornography had been shipped or transported using any means and facility of interstate and foreign commerce; or shipped or

3

transported in or affecting interstate or foreign commerce, by any means including by computer; or that such child pornography had been produced using materials that had been shipped or transported in interstate or foreign commerce by any means, including computer; and

c.      that at the time of that possession, the defendant knew that the material constituted child pornography.

## FACTUAL BASIS

7.      The defendant and the government agree to the following facts, which form the

basis for the entry of the plea of guilty, including relevant conduct:

a.      Between on or about February 2, 2014, and on or about May 7, 2014, in the Western District of New York, the defendant DONALD GARDNER, JR., did knowingly possess material via his Facebook account "Donnie.Gardner.965" that contained images of child pornography.

b.      During that period of time, Gardner used his Facebook account "Donnie.Gardner.965" to communicate with a minor victim, who was in the Western District of New York. The minor victim told Gardner that she was ten (10) years old. Gardner persuaded the minor victim to take sexually explicit pictures of herself. Based on the defendant's request the minor victim took various sexually explicit photographs of herself, including images of her naked body, breasts, vagina, anus and buttocks, all which images constitute child pornography. At Gardner's direction, the minor victim sent the child pornography images to Gardner over the internet to his Facebook account, thereby affecting interstate or foreign commerce.

c.      Gardner knew that he was requesting sexually explicit pictures from a child who had not yet reached the age of 18, and therefore knew the images he possessed constituted child pornography.

## III.    SENTENCING GUIDELINES

8.      The defendant understands that the Court must consider but is not bound by

the Sentencing Guidelines (Sentencing Reform Act of 1984).

4

9.     Pursuant to Sentencing Guidelines § 1B1.2(a), the government and the defendant agree that the defendant's sentencing range for imprisonment and a fine shall be determined as if the defendant was convicted of a violation of Title 18, United States Code, Section 2251(a).

## BASE OFFENSE LEVEL

10.     The government and the defendant agree that Guidelines § 2G2.1(a) applies to the offense of conviction and provides for a base offense level of 32.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

11.     The government and the defendant agree that the following specific offense characteristics do apply:

    a.     the 4-level increase pursuant to Guidelines § 2G2.1(b)(1)(A) [the offense involved a minor who had not attained the age of 12 years]; and

    b.     the 2-level increase pursuant to Guidelines § 2G2.1(b)(6)(B)(i) [the offense involved the use of a computer to persuade, induce, and solicit participation by a minor to engage in sexually explicit conduct].

## ADJUSTED OFFENSE LEVEL

12.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 38.

5

## ACCEPTANCE OF RESPONSIBILITY

13.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 35.

## CRIMINAL HISTORY CATEGORY

14.     It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action, the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

15.     It is the understanding of the government and the defendant that, with a total offense level of 35 and criminal history category of I, and considering the statutory maximum sentence, the defendant's sentencing range would be a term of imprisonment of 120 months, a fine of $20,000 to $200,000, and a period of supervised release of 5 years and up to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

6

16.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

17.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.     STATUTE OF LIMITATIONS

18.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the production, coercion, enticement, distribution, receipt and possession of child pornography which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

7

## V.  GOVERNMENT RIGHTS AND RESERVATIONS

19.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.    oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

20.    At sentencing, the government will move to dismiss the Indictment in this action.

21.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

8

## VI.  APPEAL RIGHTS

22.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 15, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

23.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future, the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

24.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 15, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

9

24

## VII. TOTAL AGREEMENT AND AFFIRMATIONS

25. This plea agreement represents the total agreement between the defendant, DONALD GARDNER, JR., and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
MARY C. BAUMGARTEN
Assistant United States Attorney

Dated: February 15, 2018

I have read this agreement, which consists of ten (10) pages. I have had a full opportunity to discuss this agreement with my attorney, FRANK R. PASSAFIUME, AFPD. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
DONALD GARDNER, JR.
Defendant

Dated: February 15, 2018

_____
FRANK R. PASSAFIUME, AFPD
Attorney for the Defendant

Dated: February 15, 2018

10

AO 245B    (Rev. 11/16) Judgment in a Criminal Case    NBW/tmh (1803072)
Sheet 1

# UNITED STATES DISTRICT COURT

Western District Of New York

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) | |
| | ) | |
| Donald Gardner, Jr. | ) | Case Number:  1:15CR00179-001 |
| | ) | USM Number:  24412-055 |
| | ) | |
| | ) | Frank Richard Passafiume |
| | | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count     1 of the Superseding Information

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §2252A(a)(5)(B), 18 U.S.C. §2252A(b)(2) | Possession of Child Pornography | 05/07/14 | 1 |

    The defendant is sentenced as provided in pages 2 through ____7____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Open Count of Indictment 1:15CR00179-001   ☒ is   ☐ are  dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 9, 2018
Date of Imposition of Judgment

Signature of Judge

Honorable Frank P. Geraci Jr., Chief U.S. District Judge
Name and Title of Judge

8/10/18
Date

AO 245B    (Rev. 11/16) Judgment in Criminal Case
           Sheet 2 — Imprisonment

NBW/tmh (1803072)

| | | | |
|---|---|---|---|
| Judgment — Page | 2 | of | 7 |

DEFENDANT:    Donald Gardner, Jr.
CASE NUMBER:    1:15CR00179-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
24 months

*The cost of incarceration fee is waived.*

☐    The court makes the following recommendations to the Bureau of Prisons:

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at _____ ☐ a.m. ☐ p.m.    on _____ .

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on _____ .

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

27

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

NBW/tmh (1803072)

DEFENDANT:     Donald  Gardner, Jr.
CASE NUMBER:   1:15CR00179-001

Judgment—Page    3    of    7

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:     Five (5) years

## MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.

2.    You must not unlawfully possess a controlled substance.

3.    You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

      ☒    The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.  *(check if applicable)*

4.    ☐    You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5.    ☒    You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6.    ☒    You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7.    ☐    You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
      Sheet 3A — Supervised Release

NBW/tmh (1803072)

| | | | |
|---|---|---|---|
| Judgment—Page | 4 | of | 7 |

DEFENDANT:      Donald Gardner, Jr.
CASE NUMBER:    1:15CR00179-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

Upon a finding of a violation of probation or supervised release, I understand that this court may (1) revoke supervision, (2) extend the terms of supervision, and/or (3) modify the conditions of probation or supervised release. A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.

Defendant's Signature      _____    Date _____

U.S. Probation Officer's Signature    _____    Date _____

29

AO 245B   (Rev. 11/16) Judgment in a Criminal Case
              Sheet 3B — Supervised Release

NBW/tmh (1803072)

| | Judgment—Page | 5 | of | 7 |

DEFENDANT:      Donald Gardner, Jr.
CASE NUMBER:   1:15CR00179-001

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not use or possess any computer, data storage device, or any internet capable device unless the defendant participates in the Computer and Internet Monitoring Program (CIMP), or unless authorized by the Court or the U.S. Probation Office. The defendant must provide the U.S. Probation Office advance notification of any computer(s), automated service(s), or connected device(s) that will be used during the term of supervision. The U.S. Probation Office is authorized to install any application as necessary to surveil all activity on computer(s) or connected device(s) owned or operated by the defendant. The defendant will be required to pay the cost of monitoring services. The U.S. Probation Office shall be notified via electronic transmission of impermissible/suspicious activity or communications occurring on such computer or connected device, consistent with the computer monitoring policy in effect by the probation office. As triggered by impermissible/suspicious activity, the defendant shall consent to and cooperate with unannounced examinations of any computer equipment owned or used by the defendant. This examination shall include but is not limited to retrieval and copying of all data from the computer(s), connected device(s), storage media, and any internal or external peripherals, and may involve removal of such equipment for the purpose of conducting a more thorough inspection. Any such monitoring or examinations shall be designed to avoid, as much as possible, reading any privileged information or any private material that is not illegal or reasonably likely to lead to illegal material or evidence related to illegal activity.

The defendant must participate in a sex offense-specific treatment program and follow the rules and regulations of that program. The probation officer will supervise the details of the defendant's participation in the program, including the selection of a provider and schedule. The defendant is not to leave treatment until complete or as ordered by the Court. If in-patient treatment is recommended, however, it must be approved by the Court unless the defendant consents. The defendant is required to contribute to the cost of services rendered.

The defendant shall not have deliberate contact with any child under 18 years of age, excluding his biological or adopted children, unless approved by the probation officer or by the Court. The defendant shall not loiter within 100 feet of school yards, playgrounds, arcades or other places primarily used by children under the age of 18. The Probation Office has the discretion to authorize the defendant to pick up his children from school or other functions; however, authorization must be obtained in advance from the Probation Office or alternatively from the Court.

In order to monitor the defendant's compliance with not buying or subscribing to online services that provide child pornography, the defendant shall provide the U.S. Probation Office with access to any requested personal and/or business financial information.

The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, and shall provide proof of registration to the probation officer. The probation office is authorized to release the defendant's presentence report to the New York State Board of Examiners of Sex Offenders. Further disclosure to the county court and to the parties involved in the determination of the defendant's final classification level is also authorized.

The defendant shall submit to a search of his person, property, vehicle, place of residence or any other property under his control, based upon reasonable suspicion, and permit confiscation of any evidence or contraband discovered.

The defendant shall submit to polygraph, computerized voice stress analyzer or other such testing, not to exceed twice in a calendar year, and an additional two re-tests per year, as needed. That testing may include examinations using a polygraph, computerized voice stress analyzer, or other similar device to obtain information necessary for supervision, case monitoring, and treatment. The defendant shall answer the questions posed during the examination, subject to the defendant's right to challenge in a court of law the use of such statements as violations of the defendant's Fifth Amendment rights. In this regard, the defendant shall be deemed not to have waived the defendant's Fifth Amendment rights by making any such statements. The results of any polygraph pre-tests and polygraph examinations may be disclosed to the US Probation office and the Court, but shall not be further disclosed without a court order. The defendant is required to contribute to the cost of services rendered.

You shall comply with the conditions of home detention, which will be monitored by an electronic monitoring system, for a period of six (6) months. You shall wear (an) electronic monitoring device(s) and follow monitoring procedures specified by your probation officer as outlined in Probation Form 61. You shall pay a portion or the total cost of electronic monitoring services at the daily rate provided by the U.S. Probation Office. The daily rate and payment schedule are subject to periodic adjustments by the U.S. Probation Office.

AO 245B   (Rev. 11/16) Judgment in a Criminal Case
         Sheet 4 — Criminal Monetary Penalties

NBW/tmh (1803072)

| | |
|---|---|
| | Judgment—Page   6   of   7 |

DEFENDANT:         Donald Gardner, Jr.
CASE NUMBER:     1:15CR00179-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | | Assessment | JVTA Assessment* | Fine | | Restitution |
|---|---|---|---|---|---|---|
| **TOTALS** | $ | 100 | $   0 (waived) | $   0 | $ | 0 |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ _____ | $ _____ | |

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ☐ the interest requirement is waived for the   ☐  fine   ☐  restitution.

     ☐ the interest requirement for the   ☐  fine   ☐  restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 1:15-cr-00179-FPG-HKS Document 83 Filed 08/20/18 Page 7 of 7

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
           Sheet 5 — Schedule of Payments

NBW/tmh (1803072)

| | Judgment — Page | 7 | of | 7 |

DEFENDANT:      Donald Gardner, Jr.
CASE NUMBER:    1:15CR00179-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☒  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☒ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

    The defendant shall pay a special assessment of $100, which shall be due immediately. If incarcerated, payment shall begin under the Bureau of Prisons Inmate Financial Responsibility Program. Payments shall be made to the Clerk, U.S. District Court (WD/NY), 2 Niagara Square, Buffalo, New York 14202.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

| PROB 22<br>(Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| | | 0209 1:15CR00179-001 |
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)*<br>5:19-CR-031(GTS) |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| | The Western District of New York | Buffalo |
| Donald Gardner, Jr. | NAME OF SENTENCING JUDGE | |
| | Honorable Frank P. Geraci, Jr., Chief U.S. District Judge. | |
| | DATES OF PROBATION/<br>SUPERVISED RELEASE | FROM | TO |
| | | 11/6/2018 | 11/5/2023 |

| OFFENSE |
|---|
| Possession of Child Pornography |

*[STAMP: UNITED STATES DISTRICT COURT — FILED FEB 08 2019 — MARY C. LOEWENGUTH, CLERK — WESTERN DISTRICT OF NY]*

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

| UNITED STATES DISTRICT COURT FOR THE | WESTERN | DISTRICT OF | NEW YORK |
|---|---|---|---|

 IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the ____Northern District of New York____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.* *Collection of restitution will be maintained by the sentencing district if the case is Joint and Several with other defendants.*

_1/15/19_
Date

_[signature]_
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

---

**PART 2 - ORDER ACCEPTING JURISDICTION**

| UNITED STATES DISTRICT COURT FOR THE | Northern | DISTRICT OF | New York |
|---|---|---|---|

 IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_Jan 22, 2019_
Effective Date

_[signature]_
United States District Judge